IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 7, 2005

## HERMAN HOLSTON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-26994     J.C. McLin, Judge**

-------

**No. W2004-00461-CCA-R3-PC  - Filed March 9, 2005**

-------

The Defendant, Herman Holston, was convicted by a jury of selling less than .5 grams of cocaine. He was sentenced to eight-and-one-half years for this offense. The Defendant's conviction and sentence were affirmed by this Court on direct appeal. State v. Holston, 94 S.W.3d 507 (Tenn. Crim. App. 2002). The Defendant subsequently filed for post-conviction relief, alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court denied relief. This appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

James Edward Thomas, Memphis, Tennessee, for the appellant, Herman Holston.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Vanessa King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On the direct appeal of this matter, this Court summarized the facts underlying the Defendant's conviction as follows:

On November 10, 1999, the Memphis Police Department Organized Crime Unit was conducting a "buy/bust operation" at a car wash on the corner of Hollywood and Golden streets in Memphis. Upon driving onto the car wash lot, Officer Israel Taylor, the decoy officer of the operation, was immediately approached by the [Defendant]. The [Defendant] asked Officer Taylor what he was looking for, and Taylor responded that he was looking for twenty dollars of crack cocaine. The

[Defendant] directed Officer Taylor to proceed to Hunter Street. Once parked on Hunter Street, the [Defendant] instructed Officer Taylor to wait inside the car because he had "to go get the crack." Officer Taylor offered the [Defendant] money at this time, but the [Defendant] refused the money saying, "I don't want to touch your money. I'll be back." The [Defendant] exited the vehicle and walked down the street out of Officer Taylor's sight. Officers Dorothy Hyman and Michael Hardy, who were positioned in another police vehicle, observed the [Defendant] walk to a residence which was located a short distance away. Upon arrival at the residence, John Smalls, the [Defendant's] co-defendant in this case, met the [Defendant] at the front gate, where the two men "did some kind of exchange, hand-to-hand." After completing the exchange, the [Defendant] walked back to the decoy vehicle and got inside. Officer Taylor was then directed to drive to Eldridge Street. The [Defendant] then handed Officer Taylor the crack cocaine, and Taylor paid the [Defendant] with two marked ten dollar bills. The [Defendant] exited the vehicle and walked back to the Hunter Street residence, where he was observed delivering the marked money to Smalls. At that time, Officer Hardy gave the "takedown signal." When the officers approached the residence, both men ran and, after a short chase, were apprehended. The [Defendant] was found inside the bathroom of the Hollywood Disco, and Smalls was found hiding behind a trash can. No marked money was found on either man. At trial, the [Defendant] and Smalls claimed no involvement in the transaction.

On March 28, 2000, a Shelby County grand jury returned an indictment against the [Defendant] and Smalls, charging them jointly with sale of less than one-half of a gram of cocaine. On January 20, 2001, after a trial by jury, the [Defendant] was found guilty as charged and Smalls was found guilty of facilitation of the sale of cocaine. On June 20, 2001, the [Defendant] received a sentence of eight years and six months as a Range II offender.

State v. Holston, 94 S.W.3d 507, 509 (Tenn. Crim. App. 2002).

The Defendant asserts that his trial lawyer ("Counsel") was ineffective in two ways. First, that Counsel did not object when one of the State's witnesses testified to statements he heard over his police radio about the Defendant's apprehension. Second, that Counsel failed to pursue a line of questioning that might have proven bias on the part of a prosecution witness.

With respect to the first allegation, the proof at the post-conviction hearing established that one of the police officers involved in the drug bust testified on direct examination that he heard over his police radio another officer state "we've got him." Counsel did not object to this testimony because he did not think it was "hearsay"; that is, the statement "we've got him" was not introduced to prove that the police did, indeed, "have him," but rather was introduced to explain why the testifying officer then took certain actions.

With respect to the second allegation, Counsel testified that he was concluding his cross-examination of Officer Taylor when co-defendant's counsel passed him a note indicating that Officer Taylor was romantically involved with someone in the district attorney's office. Counsel then asked Officer Taylor if that was the case. The prosecuting attorney objected and the trial court called for a jury-out discussion. According to Counsel, a heated exchange then followed between the trial court and Counsel, with Counsel asserting that the matter went to the witness's credibility. The trial court eventually ruled that Counsel would be allowed to ask the question. However, Counsel subsequently decided not to pursue the matter, and withdrew the question. The trial court subsequently instructed the jury to ignore the question entirely.

After taking the above proof into consideration, the trial court ruled that the Defendant had failed to demonstrate that Counsel was ineffective and therefore denied relief. It is from the order of the trial court denying post-conviction relief that the Defendant appeals.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578. Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." See Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court

must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. See id. "However, a trial court's conclusions of law-- such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id.

We agree with the trial court that the Defendant has failed to demonstrate that he suffered from ineffective assistance of counsel at trial. With respect to Counsel's failure to object to alleged "hearsay," we find neither deficient performance nor prejudice. Counsel made a strategic decision not to object to the challenged testimony, based on a correct understanding of the definition of hearsay. See Tenn. R. Evid. 801(c). Moreover, the Defendant has failed to demonstrate how he was prejudiced by Counsel's decision to not object. The Defendant is not entitled to relief on this basis.

Similarly, we find neither deficient performance nor prejudice with respect to Counsel's cross-examination of Officer Taylor. After asking the disputed question, Counsel reconsidered the wisdom of pursuing that line of questioning and decided to withdraw the question. This was a strategic decision that this Court will not second-guess. Moreover, the Defendant has failed to demonstrate any prejudice arising from this decision. Counsel testified that he initially asked the question as a means of demonstrating bias on the officer's part and thereby impeaching his credibility. Counsel wanted to impeach the officer because he had the closest physical contact with the Defendant during the sting operation, and therefore his identification of the Defendant at trial was important to the State's case. However, other officers involved in the operation also testified and identified the Defendant at trial. Therefore, even had Counsel been able to damage Officer Taylor's credibility through questions about his personal life, doing so would not have significantly weakened the State's case against the Defendant. Accordingly, we conclude that the Defendant is not entitled to post-conviction relief on this allegation of ineffective assistance of counsel.

In sum, we affirm the trial court's denial of the Defendant's claim for post-conviction relief.

_____
DAVID H. WELLES, JUDGE